[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff corporation's revised complaint in three counts alleges in the first count a claim sounding in breach of contract, in the second count, a claim for unjust enrichment and in the third count a claim for attorney's fees arising from an indemnification agreement assigned to the plaintiff. The defendant corporation filed an answer and a special defense of release and discharge relating to the attorney's fees claim in the third count. The court heard testimony and received documentary evidence and the parties filed post-trial briefs.
 I.
From the evidence the court finds the following facts. In 1986, the defendant was the general contractor on the construction of a motel or hotel building in Milford, Connecticut for the owner Milford Plains Limited Partnership. The plaintiff was in the electrical supply and distribution business and sold and supplied electrical fixtures, materials and wire to NECO, Inc. (NECO), one of the subcontractors on the hotel. NECO was an electrical contractor and furnished the labor to install the electrical materials and fixtures in CT Page 701 the motel building. The plaintiff billed NECO for the materials on an open account, and when payments for the shipments were not forthcoming, the plaintiff's president, Mariani and Nelson, the president of NECO, went to see the defendant's project manager. As a result of this discussion the defendant issued a check in the amount of $30,000.00 payable jointly to the plaintiff and NECO, in payment of plaintiff's outstanding balance at that time. Reassured, the plaintiff again began to ship to the job and again payment was not forthcoming. The defendant's project manager then called Mariani, and, in the presence of Nelson, assured Mariani that the plaintiff would be paid, and requested that he continue to ship materials to the job. The plaintiff continued to supply materials to the job, and billed NECO for them in the amount of $23,515.31. (Exhibit A). The materials were installed in the building and the plaintiff was not paid for them, either by NECO or the defendant. The defendant's project manager suffered a heart attack, and when the plaintiff demanded payment from the defendant, "no one there knew anything." The defendant received a compromise payment of the balance of the contract price and extras from the owner after filing a mechanic's lien on the motel, and after the institution of litigation in the federal district court and certain arbitration proceedings. (See Plaintiff's Exhibits C and D; Defendant's Exhibit 1).
 II.
The first count of the plaintiff's complaint, broadly read, appears to claim that NECO as an agent of the defendant, engaged the plaintiff to supply materials to the job and promised payment for the materials on behalf of the defendant.
It was the plaintiff's burden to prove that NECO was the defendant's agent and had authority to bind it to the plaintiff for payment. There was no credible evidence proffered by the plaintiff that NECO was the agent of the defendant or had the authority to bind it for payment of materials. Therefore, the plaintiff cannot recover on this count.
 III.
Turning now to the plaintiff's claim for unjust CT Page 702 enrichment, the court first reviews some of the legal principles which must be applied. "The right of recovery for unjust enrichment is equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff." National CSS, Inc. v. Stamford, 195 Conn. 587, 597 (1985). (Internal quotation marks omitted.)
"Unjust enrichment is a very broad and flexible equitable doctrine. Its three basic requirements are (1) that the [defendant was] benefited, (2) that the [defendant] unjustly did not pay the plaintiff for the benefits, and (3) that the failure of payment was to the [plaintiff's] detriment." Bolmer v. Kocet, 6 Conn. App. 595, 612-13
(1986). "All of the facts must be examined to determine whether the circumstances render it "just or unjust, equitable or inequitable, conscionable or unconscionable," to apply the doctrine. Id 613.
In the application of this flexible standard, the court finds that the defendant was benefited as the electrical materials furnished by the plaintiff were incorporated into the hotel building and the defendant received a payment, albeit compromised, for the entire job plus contract extras. No mention was made in the settlement agreements (Exhibit C and D) of any deficiencies or defects in the electrical materials plaintiff supplied to the job site, and the court infers from the fact that the materials were installed in the hotel and no claim was made by the defendant of their rejection or non acceptance, that the materials met the job specifications and operated properly. Therefore, the court further infers that the defendant's payment from the owner was based in part on the plaintiff's materials.
The court also finds that the plaintiff would not have continued shipping materials to the job were it not for the defendant's project manager's request to do so and his promise to pay the plaintiff directly.[1] The plaintiff, by reason of the project manager's ability to procure the prior payment to the plaintiff (the $30,000.00 check), was entitled to rely on the promise. The defendant's acceptance of the materials for the job, and its failure to pay the plaintiff under these circumstances, would make the defendant's refusal CT Page 703 to pay unjust. The failure of the plaintiff to obtain the $23,515.31 due is clearly to the plaintiff's detriment, as the plaintiff is justly due said sum, and the court finds that the defendant was thereby unjustly enriched.
The defendant first argues however, that the doctrine of unjust enrichment should not be applied in this case because the plaintiff has failed to demonstrate the extent of the benefit conferred upon the defendant. Although it is true that the plaintiff failed to offer proof of the precise amount paid to the defendant by the owner, precision is not required. Suffice it to say, from Exhibits C and D, the court finds that the defendant asserted a mechanic's lien in excess of one million dollars against owner's premises and received from owner the sum of $640,000.00 either payable to defendant or other of its subcontractors. This sum represents the contract balance, and the court infers that prior payments on the contract were made to the defendant.
The defendant next argues that the doctrine should not be applied because the plaintiff failed to exhaust its legal remedies and cites National CSS, Inc. v. Stamford, supra, in support of that argument. Specifically the defendant claims the plaintiff should have pursued NECO, as NECO was indebted to it. However, that case is inapt, as it involved a claim for reimbursement of taxes, and the plaintiff there failed to pursue a statutory remedy which was readily available, and was foreclosed by the court from pursuing a common law remedy. Nelson, the president of NECO, testified that the defendant owed it money, NECO could not collect it, and that NECO went out of business. It is well settled that a remedy which is futile is not really a remedy and need not be exhausted. To pursue a company which is out of business would be futile.
The defendant finally argues that the plaintiff failed to prove the reasonable value of the materials shipped. The court is not persuaded by this argument, as the evidence showed that the materials were shipped to NECO and the job on an open account, and that previous invoices up to July, 1986 were paid in full. This, taken together with the acceptance by NECO of the invoices and materials shipped during July and August of 1986, and defendant's project manager's promise to pay for them, furnished adequate evidence that the reasonable value of the materials was CT Page 704 $23,515.31.
 IV
The third count of the plaintiff's revised complaint alleges a claim for attorney's fees and relies upon an assignment of Milford Plains Limited Partnership's (Milford) rights to indemnification from the defendant contained in two agreements by and between the defendant and Milford. See Exhibits B, C and D. The indemnification provision in Exhibit C reads:
"6. Indemnity Against Lien Claims
 The contractor (the defendant) shall indemnify Owner (Milford), including legal fees, from and against the aforementioned claims asserted against Owner of the project or any other claims that may hereinafter be asserted against Owner of the Project arising out of work performed on or materials furnished to the project."
The indemnification provision in Exhibit D reads:
"5. Indemnity Against Lien Claims
 The contractor (the defendant) shall indemnify Owner from and against any Mechanic's Lien Claims heretofore or hereinafter asserted against the Owner of the Project arising out of work performed on or materials furnished to the Project by Contractors."
The trouble with plaintiff's claim is that the claim being asserted by plaintiff was not asserted against Milford, nor was it shown to be a mechanic's lien claim. Moreover, as the defendant aptly points out, Exhibit D (Defendant's Exhibit 1) provided in paragraph 6.A, that Milford released owner from any and all claims arising out of the project. As this release was incorporated in a settlement agreement dated June 14, 1990 and predated the assignment upon which the plaintiff relies, Milford had CT Page 705 nothing to assign to the plaintiff.
For the foregoing reasons judgment may enter for the plaintiff on the second count, to recover the sum of $23,515.31 without prejudgment interest from the defendant, and judgment may enter for the defendant on the first and third counts.
Costs are taxed in favor of the plaintiff.
Teller, J.